IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD CHAPMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) ) | FILED: MAY 27, 2008 |
| CARNEGIE FINANCIAL, INC., | ) ) ) | 08CV3049          TG |
| Defendant. | ) | JUDGE HIBBLER |
| | | MAGISTRATE JUDGE NOLAN |

**NOTICE OF REMOVAL**

TO:    The Honorable Judges of the United States District Court
       for the Northern District of Illinois

Defendant Carnegie Financial, Inc. ("Carnegie"), by its attorneys, Fletcher & Sippel

LLC, and pursuant to 28 U.S.C. §§ 1441 *et seq.*, hereby removes this action from the Circuit

Court for Lake County, Illinois to the United States District Court for the Northern District of

Illinois, and in support thereof, state as follows:

1.    Plaintiff Arnold Chapman filed a putative Class Action Complaint ("Complaint")

in the Circuit Court of Lake County, Illinois, on April 8, 2008, under Case No. 08 CH 1446. A

summons issued that same day. A copy of each is attached hereto as Exhibit A.

2.    Carnegie initially received the Complaint by service of the Complaint and

Summons on April 25, 2008.

3.    The Complaint purports to allege that Carnegie sent advertising faxes to

Mr. Chapman and other members of the putative class without first obtaining their prior express

invitation or permission, in violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq.* ("TCPA"). *See* Complaint at ¶ 24.

4.     The Complaint also purports to allege a state law claim against Carnegie based on the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Business Practices Act"), and a state law claim for Conversion under Illinois common law. *See* Complaint at ¶¶ 30, 42.

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because Mr. Chapman's alleged claim under the TCPA arises under federal law. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("[R]emoval [of the TCPA claim] is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law.") *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175, *1 (N.D. Ill. 2007) ("Section 1441(a) removal is available because "a claim that a business violated the Telephone Consumer Protection Act arises under federal law." [citing *Brill* at 451.]) *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, Case No. 06 C 0949, 2006 WL 1132386, *3 (N.D. Ill. 2006) ("*Brill* is the only controlling authority on the issue, and clearly stands for the notion that federal courts have 'arising under' jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims are thus removable under 28 U.S.C. § 1441.")

6.     This Court has supplemental jurisdiction over Mr. Chapman's state law claims under 28 U.S.C. § 1367(a) because all three claims arise out of the same case or controversy.

7.     This Notice of Removal is timely filed in that it is filed with in 30 days from the date Carnegie received a copy of the Summons and Complaint.  28 U.S.C. § 1446(b).

8.     Copies of all process, pleadings, and orders served upon Carnegie are filed with this Notice as Exhibit A.

9.     Carnegie will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

10.    A copy of this Notice and all supporting papers will be filed with the Clerk of the Circuit Court of Lake County, Illinois as required by 28 U.S.C. § 1446(d).

11.    By this Notice of Removal, defendant does not waive any objections it may have to service, jurisdiction, venue or any other defenses or objections to this action.

WHEREFORE, defendant Carnegie Financial, Inc. removes the aforesaid action from the Circuit Court for Lake County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: May 27, 2008

Respectfully submitted,

FLETCHER & SIPPEL LLC

By: /s/James D. Helenhouse
   One of the Attorneys for Defendant
   CARNEGIE FINANCIAL, INC.

OF COUNSEL:

James D. Helenhouse
Jeremy M. Berman
FLETCHER & SIPPEL LLC
29 North Wacker Drive
Suite 920
Chicago, IL  60606-2832
(312) 252-1500 Telephone
(312) 252-2400 Facsimile
jhelenhouse@fletcher-sippel.com
jberman@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

I, James D. Helenhouse, attorney for Carnegie Financial, Inc., hereby certify that I caused a true and correct copy of the foregoing **Notice of Removal** to be served upon the following part(ies):

> Brian J. Wanca, Esq.
> Anderson & Wanca
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL  60008
> *Attorneys for Plaintiff(s)*
>
> and
>
> Phillip A. Bock
> Bock & Hatch, LLC
> 134 North LaSalle Street, Suite 1000
> Chicago, IL  60602
> *Attorneys for Plaintiff(s)*

*via facsimile transmission* and *deposit in the United States Mail* chute located at 29 North Wacker Drive, Chicago, Illinois, with proper postage prepaid.

/s/James D. Helenhouse

## SUMMONS

**IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS**

ARNOLD CHAPMAN, individually and
as the representative of a class of
similarly-situated persons,

)
)
)
)
)
)                           08 CH 1446
)
)
**Plaintiffs**)                No. _____
)
vs.                             )
)
CARNEGIE FINANCIAL, INC.        )      SERVE:  Carnegie Financial, Inc.
)              Janet Gordon Kennedy, Reg. Agent
)              111 E. Wacker Dr.  #1050
)              Chicago, IL   60601
)
)
**Defendants**)

**To each of the above-named defendants:**

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

SEAL
OF
COURT

WITNESS SALLY D. COFFELT. Clerk of
said Circuit Court, and the seal thereof at
Waukegan, Illinois, this _____ day of
APR 08 2008 _____ A.D. 20___

_Sally D. Coffelt_
SALLY D. COFFELT, Clerk

**Plaintiff's Attorney:**
(or plaintiff, if he be not represented by
attorney) Brian J. Wanca
3701 Algonquin Rd. Suite 760
Address Rolling Meadows, IL 60008
Telephone 847-368-1500

Date of Service: _April 25_, 20 08
(To be inserted by officer on copy left with defendant or
other person.)

171-138 Rev 8/00



EXHIBIT
A

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ARNOLD CHAPMAN, individually and as          )
the representative of a class of similarly-       )
situated persons,                                )
                                                 )       08 CH 1446
              Plaintiff,                          )
                                                 )
      v.                                         )
                                                 )
CARNEGIE FINANCIAL, INC.,                       )
                                                 )
              Defendant.                         )
                                                 )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ARNOLD CHAPMAN,  by his attorneys, Anderson + Wanca and Bock &

Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom the
> Defendant did not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom the
> Defendant did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or

invitation for the sending of such faxes, and (4) with whom the defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ARNOLD CHAPMAN individually and as the representative for a class of similarly-situated persons

By: _Brian J. Wanca_____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St. Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555
ARDC No. 6224502

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ARNOLD CHAPMAN, individually and as )
the representative of a class of similarly- )
situated persons, )
                                          )
                    Plaintiff,            )
                                          )   No.
         v.                               )
                                          )
CARNEGIE FINANCIAL, INC., )
                                          )
                    Defendant. )
                                          )

**FILED**

08 CH 1446

APR 0 8 2008

CIRCUIT CLERK

## CLASS ACTION COMPLAINT

Plaintiff, ARNOLD CHAPMAN ("Plaintiff"), brings this action on behalf of himself

and all other persons similarly situated, through its attorneys, and except as to those allegations

pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, CARNEGIE

FINANCIAL, INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of

its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9. Plaintiff is a resident of Lake County, Illinois.

2

10.   On information and belief, Defendant, CARNEGIE FINANCIAL, INC. is an Illinois corporation with its principal place of business in Cook County, Illinois.

## FACTS

11.   On or about May 17, 2006, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

12.   Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.   On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.   There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

3

17.    A class action is warranted because:

   (a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

   (b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

      (i)    Whether Defendant sent unsolicited fax advertisements;

      (ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendant violated the provisions of 47 USC § 227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

>    3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>    (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, and that Plaintiff and the other class members did not have an established business relationship.

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

6

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

7

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee

9

time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

### COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4)

with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

11

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

ARNOLD CHAPMAN, individually and as the representative of a class of similarly-situated persons

By:    _Brian J. Wanca_ (signature)
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone: 312/658-5500
ARDC No. 6224502

13

**EXHIBIT A**

# Carnegie Financial

Wednesday, May 17, 2006

Mr. Arnold Chapman
Instrument & Control Svc Co
1315 N Cedar Lake Rd
Lake Villa, IL 60046-7236

RE:IMPROVING MARGINS

Dear Mr. Chapman,

Growing a business requires finding every opportunity to give your company the competitive edge. Carnegie Financial has a track record of helping companies like yours, providing them with cost effective, comprehensive health insurance programs. Our records indicate that Instrument & Control Svc Co's group health plan should be renewing in the next quarter, we would like the opportunity of giving you a competitive quote.

Carnegie understands the needs of business; we know that improving your bottom line demands better margins. To get better margins you look for the best prices from your suppliers, search for efficient ways to obtain new business and motivate your employees to be more productive. We at Carnegie believe that your Group Plan should also be at the best price, done the most effective way, providing higher productivity to your operation. We can help you achieve this.

We understand that each business has its own particular needs and that serving your business requires a custom approach. More importantly, since a benefit plan is only as good as the service it provides, we will be there to assist you or your employees should there be any problems that may occur. We will not only obtain the most cost effective plan, but will do all the necessary paper work to enroll your staff, including complete health plan information meetings done at your location (bi-lingual if needed). When evaluating your insurance requisites for the future, remember the professional staff at Carnegie Financial! Let us be part of your team to obtain a competitive bid for your insurance package.

These are the names and phone numbers of three of Carnegie's existing group plan clients. Please feel free to call.

| Mr. Gary Garland | Mr. Bill Farina | Mr. John Gomez |
|---|---|---|
| Director | President | Vice President |
| Lakeview Pantry | Urban Appraisal | Infohealth Management |
| 773-525-7718 | 312-922-4031 | 312-321-1638 |

We have included a census form for a comparative quote. Please complete Date of Birth/Age, Gender and Dependent Status, and then fax it back. You may also go to our website and obtain a census form www.carnegiefinancial.com/forms.htm

Sincerely,

Joe Spataro

111 E. Wacker Drive Suite 1050, Chicago, IL 60601
p 312.828.0708 / f 312.828.0648