IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARNOLD CHAPMAN, individually and as the )
representative of a class of similarly-situated persons, )
)
     Plaintiffs, )
) Case No. 1:08-CV-03049
vs. )
) Hon. William J. Hibbler
CARNEGIE FINANCIAL, INC., )
)
     Defendant. )

### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

  Defendant CARNENGIE FINANCIAL, INC. ("Carnegie"), by its attorneys and for its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint, state as follows:

### PRELIMINARY STATEMENT

  1. This case challenges Defendant's practice of faxing unsolicited advertisements.

  ANSWER: Carnegie admits that this case has been brought against Defendant, but otherwise denies the allegations set forth in Paragraph 1.

  2. The federal Telephone Consumer Protection Act, 47 USC §227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

  ANSWER: The allegations in Paragraph 2 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 2 is deemed to contain.

  3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

ANSWER: The first sentence of Paragraph 3 is a legal conclusion for which no answer is required and Carnegie denies all factual allegation that the first sentence is deemed to contain. Carnegie lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies them.

4. On behalf of itself and all other similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

ANSWER: Carnegie admits that Plaintiff through its lawsuit purports to assert claims under the TCPA, the common law of conversion and the consumer protection statutes forbidding and compensating unfair business practices but otherwise denies the allegations set forth in Paragraph 4. While Plaintiff has not filed a motion for class certification in federal court, Carnegie opposes class certification, and will file a brief in opposition if plaintiff files a motion in federal court.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

ANSWER: Carnegie admits that Plaintiff seeks statutory damages but otherwise denies the allegation in Paragraph 5.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortuous acts related to the matters complained of herein.

ANSWER: Carnegie admits only that it has transacted business but otherwise denies the allegations in Paragraph 6.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County, Illinois.

2

ANSWER: Carnegie denies the allegations set forth in Paragraph 7, except that it does not challenge venue in the United States District Court for the Northern District of Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

ANSWER: Carnegie denies the allegation that federal jurisdiction does not exist; but admits that plaintiff disclaims recovery in excess of $75,000.00.

## PARTIES

9. Plaintiff is a resident of Lake County, Illinois.

ANSWER: Carnegie lacks sufficient information to form a belief as to the truth of falsity of the allegations in Paragraph 9, and therefore denies them.

10. On information and belief, Defendant, CARNEGIE FINANCIAL, INC. is an Illinois corporation with its principal place of business in Cook County, Illinois.

ANSWER: Carnegie admits the allegations contained in Paragraph 10.

## FACTS

11. On or about May 17, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

ANSWER: Carnegie denies that the facsimile is an advertisement. Carnegie admits the remaining allegations in Paragraph 11.

12. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

ANSWER: Carnegie denies the allegations in Paragraph 12.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission.

ANSWER:   Carnegie admits only that it sent facsimile transmissions to other persons.  Carnegie denies all other allegations in Paragraph 13.

14.   There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

ANSWER:   Carnegie denies the allegations in Paragraph 14.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227

15.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

ANSWER:   Carnegie hereby incorporates its answers to the allegations set forth in the preceding paragraphs as though fully set forth herein.

16.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

ANSWER:   Carnegie admits only that Plaintiff purports to bring an action under the TCPA on behalf of a class of persons but denies the remaining allegations set forth in paragraph 16.  While Plaintiff has not filed a motion for class certification in federal court, Carnegie opposes class certification, and will file a brief in opposition if plaintiff files a motion in federal court.

17.   A class action is warranted because:

(a)   On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

4

      (b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

      (i)    Whether Defendant sent unsolicited fax advertisements;

      (ii)    Whether Defendant's facilities advertised the commercial availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendant violated the provisions of 47 USC §227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)    Whether the Court should award trebled damages.

ANSWER:    Carnegie denies the allegations of Paragraph 17. While Plaintiff has not filed a motion for class certification in federal court, Carnegie opposes class certification, and will file a brief in opposition if plaintiff files a motion in federal court.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

ANSWER:    Carnegie denies that plaintiff will fairly and adequately protect the interests of the other class members. Carnegie lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18, and therefore denies them.

While Plaintiff has not filed a motion for class certification in federal court, Carnegie opposes class certification, and will file a brief in opposition if plaintiff files a motion in federal court.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

ANSWER: Carnegie denies the allegations of Paragraph 19. While Plaintiff has not filed a motion for class certification in federal court, Carnegie opposes class certification, and will file a brief in opposition if plaintiff files a motion in federal court.

20. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. §227(b)(1).

ANSWER: The allegations in Paragraph 20 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 20 is deemed to contain.

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. §227(a)(4).

ANSWER: The allegations in Paragraph 21 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 21 is deemed to contain.

22. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

6

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

ANSWER:   The allegations in Paragraph 22 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 22 is deemed to contain.

23.   The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. §227.

ANSWER:   The allegations in Paragraph 23 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 23 is deemed to contain.

24.   Defendant violated the 47 U.S.C. §227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

ANSWER:   Carnegie denies the allegations in paragraph 24.

25.   The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

ANSWER:   The allegations in Paragraph 25 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 25 is deemed to contain.

26.   Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, and that Plaintiff and the other class members did not have an established business relationship.

ANSWER:   Carnegie denies the allegations in Paragraph 26.

27.   Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time

7

receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class member' privacy interests in being left alone.

ANSWER: Carnegie denies the allegations in Paragraph 27.

28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

ANSWER: The allegations in Paragraph 28 constitute legal conclusions to which no answer is required. Carnegie denies any and all factual allegations that Paragraph 28 is deemed to contain.

## COUNT II
## CONVERSION

Carnegie has moved to dismiss Count II and therefore no answer thereto is required at this time.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2

Carnegie has moved to dismiss Count III and therefore no answer thereto is required at this time.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because they fail to state a claim on which any relief can be granted.

2. Plaintiff's TCPA claim is barred to the extent that plaintiff gave permission, invited or consented to receive facsimile transmissions from Carnegie or had an established business relationship with Carnegie.

3.　　Plaintiff's TCPA class claims are barred to the extent that recipients gave permission, invited or consented to receive facsimile transmissions from Carnegie or had established business relationships with Carnegie.

4.　　Plaintiff's TCPA class claims are barred to the extent that they relate to faxes sent prior to the fax attached as Exhibit A to the Complaint which are subject to applicable statutes of limitations.

5.　　Plaintiff's claims are barred by the doctrine of estoppel.

6.　　Plaintiff's claims are barred by the doctrine of laches.

7.　　Plaintiff's claims are barred by the doctrine of waiver.

8.　　Plaintiff's recovery is barred, in whole or part, by the failure of plaintiff to mitigate damages.

9.　　Class certification is not proper.

WHEREFORE, Defendant, Carnegie Financial, Inc., requests judgment in its favor and against Plaintiff, and such further relief as the Court may deem just and proper.

Defendant hereby demands trial by jury.

Dated: June 3, 2008

Respectfully submitted,

FLETCHER & SIPPEL LLC

By: ___/s/Jeremy M. Berman_____
　　　One of the Attorneys for Defendant
　　　CARNEGIE FINANCIAL, INC.

9

OF COUNSEL:

James D. Helenhouse
Jeremy M. Berman
FLETCHER & SIPPEL LLC
29 North Wacker Drive, Suite 920
Chicago, IL 60606-2832
(312) 252-1500 Telephone
(312) 252-2400 Facsimile
jhelenhouse@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

      I, Jeremy M. Berman, attorney for Carnegie Financial, Inc., hereby certify that I caused a true and correct copy of the foregoing **Carnegie Financial, Inc.'s Answer and Affirmative Defenses to Class Action Complaint** to be filed electronically with the ECF system for the United States District Court for the Northern District of Illinois, and thereby served upon the following ECF-registered participants:

           Brian J. Wanca, Esq.
           Ryan M. Kelly, Esq.
           Anderson & Wanca
           3701 Algonquin Road, Suite 760
           Rolling Meadows, IL  60008
           *Attorneys for Plaintiff(s)*

           Phillip A. Bock
           Bock & Hatch, LLC
           134 North LaSalle Street, Suite 1000
           Chicago, IL  60602
           *Attorneys for Plaintiff(s)*

           /s/Jeremy M. Berman