IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD CHAPMAN, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CARNEGIE FINANCIAL, INC.,<br><br>Defendant. | Case No. 1:08-CV-03049<br><br>Hon. William J. Hibbler |

**CARNEGIE FINANCIAL, INC.'S MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Defendant Carnegie Financial, Inc. ("Carnegie"), by its attorneys, Fletcher & Sippel LLC, respectfully moves this Court to dismiss Count II and III of the Class Action Complaint filed by Arnold Chapman, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Carnegie states as follows:

1.  Plaintiff's Complaint, attached hereto as Exhibit A, alleges that on May 17, 2006, Carnegie sent a one page fax advertisement to Plaintiff. *See* Complaint at ¶ 11. Plaintiff further alleges that Plaintiff did not invite or give permission for Carnegie to send the fax and that Plaintiff had no prior relationship with Carnegie. *See* Complaint at ¶¶ 12, 26.

2.  Plaintiff filed a three count putative Class Action Complaint alleging that the sending of the fax violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"), and that the transmission of the fax constituted the tort of conversion under Illinois common law.

3. Plaintiff's conversion (Count II) and ICFA (Count III) claims against Carnegie fail to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiff's conversion and ICFA claims are subsumed by the TCPA claim and should therefore be dismissed. *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F.Supp.2d 976, 978-980 (N.D. Ill. 2006).

5. In the alternative, Plaintiff's conversion claim (Count II) should be dismissed as it fails to state a claim under Illinois law. Plaintiff alleges that Carnegie converted his fax machine, toner, paper and employee's time. *See* Complaint at ¶ 34. Carnegie could not have converted Plaintiff's property because Carnegie did not assume control, dominion or ownership over the property. *Rossario's Fine Jewelry, Inc.*, 443 F.Supp.2d at 980. With regard to paper, toner and employee time, Plaintiff failed to allege the conversion of any specific chattel that can be the subject of a conversion claim. *See Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 793 (N.D. Ill. 1997) ("The subject of conversion must be an identifiable object of property"). Plaintiff also failed to allege that he demanded return of the property, a necessary element of a conversion claim. *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 90 F.Supp.2d 952, 956 (N.D.Ill. 2000).

6. In addition to being subject to dismissal because it is subsumed by Plaintiff's TCPA claim (Count I), Plaintiff's ICFA claim (Count III) must also be dismissed as Plaintiff failed to allege that Carnegie intended that the transmission of the one page facsimile be unfair to Plaintiff, which it must in order to maintain a claim under the ICFA. *Garrett v. Rentgrow, Inc.*, No. 04 C 8309, 2005 WL 1563162, *2 (N.D.Ill. July 1, 2005).

WHEREFORE, Defendant Carnegie Financial, Inc. respectfully requests that the Court enter and order dismissing Counts II and III of Plaintiff's putative class action complaint, and to grant Carnegie such other relief as the Court deems just and proper.

Dated: June 3, 2008

                                        Respectfully submitted,

                                        FLETCHER & SIPPEL LLC

                                        By:   /s/Jeremy M. Berman
                                                     One of the Attorneys for Defendant
                                                     CARNEGIE FINANCIAL, INC.

OF COUNSEL:

James D. Helenhouse
Jeremy M. Berman
FLETCHER & SIPPEL LLC
29 North Wacker Drive
Suite 920
Chicago, IL 60606-2832
(312) 252-1500 Telephone
(312) 252-2400 Facsimile
jhelenhouse@fletcher-sippel.com
jberman@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

       I, Jeremy M. Berman, attorney for Carnegie Financial, Inc., hereby certify that I caused a true and correct copy of the foregoing **Carnegie Financial, Inc.'s Motion to Dismiss Counts II and III of Plaintiff's Complaint** to be filed electronically with the ECF system for the United States District Court for the Northern District of Illinois, and thereby served upon the following ECF-registered participants:

> Brian J. Wanca, Esq.
> Ryan M. Kelly, Esq.
> Anderson & Wanca
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL  60008
> *Attorneys for Plaintiff(s)*
>
> Phillip A. Bock
> Bock & Hatch, LLC
> 134 North LaSalle Street, Suite 1000
> Chicago, IL  60602
> *Attorneys for Plaintiff(s)*
>
> /s/Jeremy M. Berman