IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARNOLD CHAPMAN, individually and as the )
representative of a class of similarly-situated persons, )
                                      )
               Plaintiffs, )
                                      )      Case No. 1:08-CV-03049
vs. )
                                      )      Hon. William J. Hibbler
CARNEGIE FINANCIAL, INC., )
                                      )
               Defendant. )

## CARNEGIE FINANCIAL, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Carnegie Financial, Inc ("Carnegie"), by its attorneys, Fletcher & Sippel, LLC, and submits this Memorandum in Support of its Motion to Dismiss Counts II and III of Plaintiff's Complaint.

### INTRODUCTION

Plaintiff alleges in his putative Class Action Complaint ("Complaint", attached hereto as Exhibit A) that on or about May 17, 2006, he received a fax from Carnegie. (Complaint at ¶11). Plaintiff alleges that the fax was an advertisement and that Plaintiff had not invited or given permission to Carnegie to send the fax. (*Id.* ¶¶ 11, 12) A copy of the fax that was allegedly received from Carnegie is attached as Exhibit A to the Complaint. (*Id.* ¶ 11, Ex. A to Complaint) The fax is a single-page document addressed to "Mr. Arnold Chapman" at "Instrument & Control Svc Co" and provides information pertaining to health insurance programs. (*Id.*, Ex. A) The fax also contains the Carnegie logo, the name of the person sending the fax, Joe Spataro, and Mr. Spataro's contact information. (*Id.*).

Plaintiff's Count II claim for conversion and Count III claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 5/2-801 ("ICFA"), should be dismissed because both claims are subsumed by Plaintiff's Count I claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F.Supp.2d 976 (N.D. Ill. 2006).

In the alternative, Counts II and III should be dismissed because they fail to state a claim upon which relief can be granted. To state a conversion claim in Illinois, Plaintiff must allege wrongful or unauthorized assumption of control over property that can be identified as a "specific chattel." *See Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 793 (N.D. Ill. 1997) ("The subject of conversion must be an identifiable object of property"). Plaintiff's conversion claim fails because, among other reasons, the paper, toner and employee time allegedly converted by Carnegie's fax transmission are not specific chattels that can be the subject of a conversion claim. Plaintiff's claim that Carnegie converted his fax machine must also fail because under no set of facts can it be said that Carnegie deprived Plaintiff of his fax machine permanently or for an indefinite period of time. *See Morris Silverman Management Corp. v. Western Union Financial Services, Inc.*, 284 F.Supp.2d 964, 993 (N.D. Ill. 2003) ("Under Illinois law, conversion is any unauthorized act that deprives a person of his or her or its property permanently or for an indefinite time"). Additionally, Plaintiff does not allege that he made a demand for the return of his fax machine or any amount of paper, toner, or employee time as required to state a conversion claim. Plaintiff's Count II claim for conversion should be dismissed pursuant to Rule 12(b)(6).

2

Count III fails to state a claim under the ICFA because Plaintiff did not allege that Carnegie intended any of its practices to be unfair to Plaintiff. *Garrett v. RentGrow, Inc.*, No. 04 C 8309, 2005 WL 1563162, *2 (N.D. Ill. July 1, 2005).

## ARGUMENT

### I.  RULE 12(b)(6) STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint. *W. Ry. Devices Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 WL 1697119, *1 (N.D. Ill. June 13, 2006) (*citing* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed., 2004)).  When evaluating a motion under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund*, 357 F.3d 677, 678 (7th Cir. 2004).  The United States Supreme Court recently announced a new standard that plaintiffs must meet in order to avoid dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007). Under the previous standard, a court could dismiss a claim under Rule 12(b)(6) only when, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) *citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*.  The *Killingsworth* court continued its discussion with the following analysis of *Bell Atlantic*:

> The Court explained in *Bell Atlantic* that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65. Instead, the Court held, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965; *see also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir.2007); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499

3

> F.3d 663 (7th Cir.2007). Although this does "not require heightened fact pleading of specifics," it does require the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974; see also *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 2007 WL 2669403 at *7 (7th Cir. Sept.13, 2007).

*Killingsworth*, 507 F.3d at 618-619. Thus, as illustrated herein, Counts II and III of Plaintiff's complaint must be dismissed as Plaintiff failed to state a plausible claim to relief on the face of the complaint.

## II.   COUNTS II AND II OF PLAINTIFF'S COMPLAINT ARE SUBSUMED BY COUNT I AND MUST BE DISMISSED

In *N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287 (7th Cir. 1992), the Seventh Circuit made clear that "[O]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." 978 F.2d at 292. In contrast, "[t]wo legal theories sufficiently distinct that they call for proof of substantially d fferent facts may be separate 'claims.'" *Id.* The court in *Rossario 's Fine Jewelry, Inc.* considered a complaint similar to the one at issue here alleging TCPA, ICFA, and conversion claims. 443 F.Supp.2d at 977-978. The court noted that the plaintiff there engaged in the widespread but "mistaken practice of carving up a single claim." *Id.* at 977. While the court dismissed the state claims principally as insufficient under state law, it held in the alternative that the action arose under the TCPA and therefore the state claims were redundant. *Id.* at 980 ("And to return to the place of beginning, with [Plaintiffs] single claim being supported by the Federal Act (unchallenged by [Defendant]), any conversion theory would be surplusage in any event.").[1]

Mr. Chapman has, like the plaintiff in *Rossario 's Fine Jewelry, Inc.*, "divided a single federal claim, like Gaul, into three parts." 443 F. Supp. 2d at 978. The gravamen of a claim

---

[1]    In *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008), which holds that the TCPA does not subsume ICFA and conversion claims, because the defendant did not argue subsumption, the discussion in that case is *dicta*. *Id.* at *5. Moreover, the court in *Sadowski* did not attempt to reconcile its opinion with *Rossario 's Fine Jewelry*.

under the TCPA is the sending of an advertisement via facsimile without consent.  47 U.S.C.

§ 227.  Plaintiff's Complaint includes four paragraphs alleging that that Carnegie sent a fax

advertisement without permission.  (Complaint at ¶¶ 11-14).  These four paragraphs are

incorporated into Counts I, II and III and these facts alone form the basis of all three Counts.

Plaintiff's TCPA, conversion and ICFA claims rely solely on Plaintiff's allegations that Carnegie

sent a fax advertisement without permission.  (Complaint at ¶¶ 11-12).  All of Plaintiff's claims

for relief will succeed or fail based on these allegations.  Plaintiff should not be allowed to use

this single set of facts to recover under three separate claims for relief.

Furthermore, the injuries claimed by Plaintiff are identical in all three Counts.  In Count

II, Plaintiff seeks damages for conversion of his fax machine, paper, toner and employee time.

(Complaint at ¶ 38).  Plaintiff then seeks recovery for these identical injuries in Count III, under

the ICFA.  (Complaint at ¶ 48).  The rationale behind the award of statutory damages under the

TCPA was designed to compensate plaintiffs for loss of paper, toner and employee time

associated with receiving unsolicited fax advertisements.  *Universal Underwriters Ins. Co. v. Lou

Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005).

Because the state law claims arise from the same alleged operative facts as the TCPA

claim, on the same legal basis as the TCPA claim, seeking recovery of damages wholly

subsumed by the TCPA claim, Counts II and III are fatally redundant and should be dismissed.

**III.    COUNT II OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IT FAILS
         TO STATE A CLAIM FOR CONVERSION**

Under Illinois law, "conversion is any unauthorized act that deprives a person of his or

her or its property permanently or for an indefinite time."  *Morris Silverman Management Corp.

v. Western Union Financial Services, Inc.*, 284 F.Supp.2d 964, 993 (N.D. Ill. 2003).  To state a

claim for conversion under Illinois law, a plaintiff must assert that: "(1) he has a right to the

property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Id.*; *Cirrincione* v. *Johnson,* 84 Ill.2d 109, 114, 703 N.E.2d 67, 70 (1998); *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 90 F.Supp.2d 952, 957 (N.D. Ill. 2000). If Plaintiff's conversion claim is not subsumed by the TCPA claim, then it must be dismissed for failure to state a claim upon which relief may be granted.

### 1. Paper, Toner and Employee Time Are Not Specific Chattels That Can Be The Subject Of A Conversion Claim

Plaintiff is required to claim that a "specific chattel" or an "identifiable object of property" has been converted in order to state a claim for conversion. *Eggert* v. *Weisz,* 839 F.2d 1261, 1264 (7th Cir. 1988); *In re Thebus,* 108 Ill. 2d 255, 260, 483 N.E.2d 1258, 1260 (1985); *Indep. Trust Corp.* v. *Fidelity Nat 'I Title Ins. Co.,* No. 05 C 5749, 2007 WL 1017858, *25 (N.D. Ill. March 30, 2007) (dismissing conversion claim where funds at issue not "identifiable" as "a specific chattel"). Plaintiff seeks only recovery for an indeterminate amount of undifferentiated "paper, toner, and employee time." Complaint at ¶ 38). Indeed, the reason for statutory damages under the TCPA is that actual damages in paper, toner, wear on facsimile machines, and employee time are, "uncertain and hard-to-quantify." *Universal Underwriters Ins. Co.,* 401 F.3d at 881. In any event, a claim to an "indeterminate" recovery is not actionable as conversion. *Sutherland* v. 0 *'Malley,* 882 F.2d 1196, 1200 (7th Cir. 1989). Paper, toner and employee time are not specific chattels or an identifiable object of property. Paper, toner and employee time, by their very nature, are fungible, not specific or identifiable.

6

## 2.  Carnegie Never Assumed Control Over The Property Allegedly At Issue

As the court in *Rossario* 's *Fine Jewelry, Inc.* recognized, "it would impermissibly warp the concept of 'conversion' if that label were to be attached to [a plaintiff's] property (ink, toner and paper) that never came into [the defendant's] possession at all."  443 F. Supp. 2d at 980. Rather, to conclude that a sender "'assumed control, dominion or ownership over the property'" of paper, toner, machines, and employee time simply by virtue of allegedly sending a facsimile would "stretch[] that language beyond its normal meaning." *Id.* (citation omitted). *Cf. Sadowski*, 2008 WL 2224892 at *9.  Under this line of reasoning, it is clear that Plaintiff did not, and can not, plausibly state a claim for relief based on Carnegie's alleged conversion of his fax machine, paper, toner and employee time.

The claim also fails because it is simply not plausible that Carnegie deprived Plaintiff of his property permanently or for an indefinite amount of time.  Plaintiff attempts to allege that the facsimile transmission "permanently misappropriated" his fax machine.  (Complaint at ¶ 36). However, "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65.  Receiving a facsimile does not permanently deprive the fax machine owner of the fax machine, toner, paper and certainly not employee time. The fax machine owner is not deprived of these things at all.  Carnegie never acquired possession of Plaintiff's fax machine, paper, toner or employee and  the extent Carnegie is deemed to have been in control of Plaintiff's property, which Carnegie expressly denies, such control was extremely brief and was clearly not permanent or for an indefinite amount of time. The alleged "misappropriation" of Plaintiff's property is not significant enough to rise to the level of deprivation necessary to support a conversion claim.

### 3. Plaintiff Does Not Allege That He Made A Demand For Return Of Any Allegedly Converted Property

Illinois courts have concluded that "a demand for possession" is "an essential element" of a claim for conversion. *Rybak* v. *Dressler,* 178 Ill. App. 3d 569, 588, 532 N.E.2d 1375, 1387 (1988) (counterclaim properly denied where "defendants utterly failed to plead or prove an essential element of such a cause: a demand for possession of the funds allegedly converted"); *A. T. Kearney, Inc.* v. *INCA Int'l, Inc., 132* Ill. App. 3d 655, 664-65, 477 N.E.2d 1326, 1334 (1985) (unless "defendant has sold or otherwise disposed of the property in question," an action for conversion "must include a demand for possession or it cannot be said that there has been a deprivation"); *Hoffman* v. *Allstate Ins. Co.,* 85 Ill. App. 3d 631, 633, 407 N.E.2d 156, 158 (Ill. Ct. App. 1980) (conversion claim properly dismissed where "plaintiff does not allege that he ever made a demand for possession"). Plaintiff failed to allege this essential element in his complaint. (Complaint at ¶¶ 29-40). For this additional reason, Plaintiff has failed to assert a claim for conversion.

### IV. COUNT III OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE THAT CARNEGIE INTENDED THE ALLEGEDLY UNFAIR CONDUCT

To successfully state a claim under the ICFA, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) that the defendant intended that the plaintiff rely on that act or practice, or intent by the defendant to deceive, defraud, or be unfair to the plaintiff; (3) that the deception or unfair practice occurred in the course of conduct involving trade and commerce; and (4) that the deceptive act or unfair practice proximately caused the plaintiff's injury. *Garrett* v. *RentGrow, Inc.*, No. 04 C 8309, 2005 WL 1563162, *2 (N.D. Ill. July 1, 2005) *citing Jenkins* v. *Mercantile Mortgage Co.*, 231 F.Supp.2d 737, 747 (N.D.Ill.2002); *Krause v. GE Capital*

*Mortgage Servs., Inc.*, 314 Ill.App.3d 376, 246 Ill.Dec. 774, 731 N.E.2d 302, 311 (2000). *Cf.*
*Sadowski*, 2008 WL 2224892 at *8. To satisfy the intent requirement, Plaintiff must allege,
"either intent by the defendant that the plaintiff rely on that act or practice, or intent by the
defendant to deceive, defraud, or be unfair to the plaintiff." *Garrett*, 2005 WL 1563162 at *4.
Failure to allege such intent is grounds for dismissal of an ICFA claim under Rule 12(b)(6). *Id.*
Should this court decide that Count III is not subsumed by Plaintiff's TCPA claim, then Count
III should nonetheless be dismissed due to Plaintiff's failure to sufficiently plead his ICFA claim.

While Plaintiff's complaint purports to allege that Carnegie engaged in an unfair practice
by sending and unsolicited fax, it does not allege that Carnegie intended to deceive, defraud or be
unfair to any particular plaintiff. Because Plaintiff's complaint contains no such allegation,
Count III must be dismissed.

## CONCLUSION

For the reasons stated above, Counts II and III of Plaintiff's complaint should be
dismissed as they are subsumed within Count I. In the alternative, Counts II and III should be
dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon
which relief may be granted.

Dated: June 3, 2008

Respectfully submitted,

FLETCHER & SIPPEL LLC

By: ___/s/Jeremy M. Berman_____
     One of the Attorneys for Defendant
     CARNEGIE FINANCIAL, INC.

OF COUNSEL:

James D. Helenhouse
Jeremy M. Berman
FLETCHER & SIPPEL LLC
29 North Wacker Drive
Suite 920
Chicago, IL  60606-2832
(312) 252-1500 Telephone
(312) 252-2400 Facsimile
jhelenhouse@fletcher-sippel.com
jberman@fletcher-sippel.com

## CERTIFICATE OF SERVICE

I, Jeremy M. Berman, attorney for Carnegie Financial, Inc., hereby certify that I caused a true and correct copy of the foregoing **Carnegie Financial, Inc.'s Memorandum in Support of its Motion to Dismiss Counts II and III of Plaintiff's Complaint** to be filed electronically with the ECF system for the United States District Court for the Northern District of Illinois, and thereby served upon the following ECF-registered participants:

Brian J. Wanca, Esq.
Ryan M. Kelly, Esq.
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
*Attorneys for Plaintiff(s)*

Phillip A. Bock
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60602
*Attorneys for Plaintiff(s)*

/s/Jeremy M. Berman

11

# IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

ARNOLD CHAPMAN, individually and as    )
the representative of a class of similarly-    )
situated persons,    )
         )
           Plaintiff,    )
         )
       v.    )
         )
CARNEGIE FINANCIAL, INC.,    )
         )
           Defendant.    )
         )

08 CH 1446

FILED
APR 08 2008
CIRCUIT CLERK

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ARNOLD CHAPMAN, by his attorneys, Anderson + Wanca and Bock &

Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom the
> Defendant did not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom the
> Defendant did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or



EXHIBIT
A

invitation for the sending of such faxes, and (4) with whom the defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ARNOLD CHAPMAN individually and as the representative for a class of similarly-situated persons

By:    _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St. Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555
ARDC No. 6224502

2

## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

ARNOLD CHAPMAN, individually and as )
the representative of a class of similarly- )
situated persons, )
                                   )
                     Plaintiff, )
                                     )    No.
       v. )
                                       )
CARNEGIE FINANCIAL, INC., )
                                       )
                 Defendant. )
                                       )

FILED
08 CH 1446
APR 08 2008
CIRCUIT CLERK

## CLASS ACTION COMPLAINT

Plaintiff, ARNOLD CHAPMAN ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CARNEGIE FINANCIAL, INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is a resident of Lake County, Illinois.

2

10.    On information and belief, Defendant, CARNEGIE FINANCIAL, INC. is an Illinois corporation with its principal place of business in Cook County, Illinois.

## FACTS

11.    On or about May 17, 2006, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

3

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, and that Plaintiff and the other class members did not have an established business relationship.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

6

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.　　That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.　　That the Court award $500.00 in damages for each violation of the TCPA;

C.　　That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.　　That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.　　Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.　　In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.　　A class action is proper in that:

7

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendant also converted Plaintiff's employees' time to Defendant's own use.

8

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use.  Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes.  Defendant knew or should have known employees' time is valuable to Plaintiff.

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee

9

time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    . In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4)

with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

11

45.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.   Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.   Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.   Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.   Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ARNOLD CHAPMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, CARNEGIE FINANCIAL, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

ARNOLD CHAPMAN, individually and as the representative of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500
ARDC No.  6224502

**EXHIBIT A**

# Carnegie Financial

Wednesday, May 17, 2006

Mr. Arnold Chapman
Instrument & Control Svc Co
1315 N Cedar Lake Rd
Lake Villa, IL 60046-7236

RE:IMPROVING MARGINS

Dear Mr. Chapman,

Growing a business requires finding every opportunity to give your company the competitive edge. Carnegie Financial has a track record of helping companies like yours, providing them with cost effective, comprehensive health insurance programs. Our records indicate that Instrument & Control Svc Co's group health plan should be renewing in the next quarter, we would like the opportunity of giving you a competitive quote.

Carnegie understands the needs of business; we know that improving your bottom line demands better margins. To get better margins you look for the best prices from your suppliers, search for efficient ways to obtain new business and motivate your employees to be more productive. We at Carnegie believe that your Group Plan should also be at the best price, done the most effective way, providing higher productivity to your operation. We can help you achieve this.

We understand that each business has its own particular needs and that serving your business requires a custom approach. More importantly, since a benefit plan is only as good as the service it provides, we will be there to assist you or your employees should there be any problems that may occur. We will not only obtain the most cost effective plan, but will do all the necessary paper work to enroll your staff, including complete health plan information meetings done at your location (bi-lingual if needed). When evaluating your insurance requisites for the future, remember the professional staff at Carnegie Financial! Let us be part of your team to obtain a competitive bid for your insurance package.

These are the names and phone numbers of three of Carnegie's existing group plan clients. Please feel free to call.

| | | |
|---|---|---|
| Mr. Gary Garland | Mr. Bill Farina | Mr. John Gomez |
| Director | President | Vice President |
| Lakeview Pantry | Urban Appraisal | Infohealth Management |
| 773-525-7718 | 312-922-4031 | 312-321-1638 |

We have included a census form for a comparative quote. Please complete Date of Birth/Age, Gender and Dependent Status, and then fax it back. You may also go to our website and obtain a census form www.carnegiefinancial.com/forms.htm

Sincerely,

Joe Spataro

**111 E. Wacker Drive Suite 1050, Chicago, IL 60601**
**p 312.828.0708 / f 312.828.0648**